IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2004

## STATE OF TENNESSEE v. DANNY AVERY STEWART and DOROTHY ANN STEWART

**Direct Appeal from the Criminal Court for Davidson County
Nos. 2000-A-431, 2000-C-1395      Steve Dozier, Judge**

_____

**No. M2003-00664-CCA-R3-CD - Filed May 24, 2004**

_____

The defendants, Danny Avery Stewart and Dorothy Ann Stewart, pled guilty to numerous drug charges and received effective sentences of thirty-one years and forty-two years, respectively. Their only contention on appeal is that their sentences are excessive because the trial court erred in the application of several enhancement factors. We conclude that the defendants have failed to show that the trial court erred in sentencing. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Cynthia M. Fort, Nashville, Tennessee, for the appellant, Danny Avery Stewart.

Barry R. Tidwell, Nashville, Tennessee, for the appellant, Dorothy Ann Stewart.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jon P. Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendants, Danny Avery Stewart and Dorothy Ann Stewart, were indicted by Davidson County Grand Juries on numerous charges. In case number 2000-A-431, Danny Avery Stewart was charged with three counts of selling a controlled substance (counts two, four, and six), three counts of delivery of a controlled substance (counts three, five, and seven), four counts of possession of a controlled substance with intent to sell or deliver (counts seventeen, twenty, twenty-one, and twenty-two), four counts of possession of a deadly weapon (counts twenty-three through twenty-six), one count of possession of a gambling device (count twenty-seven), one count of possession of drug paraphernalia (count twenty-eight), eight counts of money laundering (counts twenty-nine through

thirty-seven), and one count of conspiracy to possess a controlled substance for resale (count thirty-eight). Dorothy Ann Stewart was also charged in case number 2000-A-431 with one count of selling a controlled substance (count one), four counts of possession of a controlled substance with intent to sell or deliver (counts seventeen, twenty, twenty-one, and twenty-two), four counts of possession of a deadly weapon (counts twenty-three through twenty-six), one count of possession of a gambling device (count twenty-seven), one count of possession of drug paraphernalia (count twenty-eight), six counts of money laundering (counts twenty-nine, thirty, thirty-two, thirty-three, thirty-six, and thirty-seven), and one count of conspiracy to possess a controlled substance for resale (count thirty-eight).

In case number 2000-C-1395, Danny Avery Stewart was charged with one count of conspiracy to sell a controlled substance (count one) and four counts of possession of a controlled substance for resale (counts three through six). Dorothy Ann Stewart was also charged in case number 2000-C-1395 with one count of conspiracy to sell a controlled substance (count one) and three counts of possession of a controlled substance for resale (counts four through six).

As part of a plea agreement, Dorothy Ann Stewart pled guilty to one count of selling a controlled substance (count one) in case number 2000-A-431 and one count of conspiracy to sell a controlled substance (count one) in case number 2000-C-1395. All of the other charges against Dorothy Ann Stewart contained in those two cases were dismissed. Danny Avery Stewart pled guilty to three counts of selling a controlled substance (counts two, four, and six), four counts of possession of a controlled substance with intent to sell or deliver (counts seventeen, twenty, twenty-one, and twenty-two), and one count of conspiracy to possess a controlled substance for resale (count thirty-eight) as charged in case number 2000-A-431. All of the other charges against Danny Avery Stewart in case number 2000-A-431 were dismissed. He also pled guilty to all charges in case number 2000-C-1395. In case number 2002-I-1191, Dorothy Ann Stewart apparently pled guilty to two counts of selling a controlled substance and one count of possession of a controlled substance.

Following a sentencing hearing, the trial court sentenced Dorothy Ann Stewart to concurrent ten- year sentences for each of the convictions resulting from case numbers 2000-A-431 and 2000-C-1395. For the convictions resulting from case number 2002-I-1191, the court sentenced Dorothy Ann Stewart to twenty-one years, ten years, and ten years, to be served concurrent to each other but consecutive to the sentences imposed in case numbers 2000-A-431 and 2000-C-1395, for a total effective sentence of thirty-one years.

With respect to case number 2000-A-431, the trial court sentenced Danny Avery Stewart to three ten-year concurrent sentences on the convictions resulting from counts two, four, and six. The trial court also sentenced the defendant to twenty years on the conviction resulting from count seventeen, two four-year sentences for counts twenty and twenty-one, three years for count twenty-two, and twenty-years for count thirty-eight. The latter sentences were concurrent to each other but consecutive to the sentences imposed in counts two, four, and six, for a total effective sentence of thirty years in case number 2000-A-431.

With respect to case number 2000-C-1395, the trial court sentenced Danny Avery Stewart to concurrent sentences of twelve years for the conviction resulting from count one, ten years for count three, two four-year sentences for counts four and five, and five years for count six. The court ordered this sentence to be served consecutively to the sentence in case number 2000-A-431 for a total effective sentence of forty-two years.

## Facts

Since there were no trials in these cases and the record does not contain a transcript of the plea hearings, we have attempted to glean the facts underlying the convictions from the sentencing hearing transcript, sentencing order, and presentence report.

During the summer of 1999, police began making controlled buys of narcotics from the defendants, their family members, and their associates. A confidential informant made an initial purchase of ten Dilaudid pills from Dorothy Ann Stewart on July 26, 1999. He had been purchasing drugs from the defendants for more than two years before becoming an informant. According to the informant, the defendants were selling thousands of pills per week. On August 3, 1999, the informant arranged to buy 100 Dilaudid pills from Danny Avery Stewart for $1450. The pills were delivered by Danny Avery Stewart and Mark Thompson, who lived with the defendants. Another purchase of 100 pills was made on August 12, 1999. On this occasion, the pills were delivered by Danny Avery Stewart and Danny Dwayne Stewart, the defendants' son.

On August 18, 1999, police executed a search warrant on the defendants' residence. Among other things, they recovered various narcotics (including 700 Dilaudid pills), marijuana, drug paraphernalia, four handguns, and approximately $200,000 in cash. The defendants' daughter-in-law later handed over approximately $30,000 in cash to police. She stated that her father-in-law had asked her to "hold" the money for him. However, she later recanted and said that the money actually belonged to her and her husband.

On February 15, 2000, police executed another search warrant at the defendants' residence. They recovered numerous items including two loaded handguns, a double barrel shotgun, hundreds of narcotic pills, and approximately $20,000 in cash which was found in Dorothy Ann Stewart's purse, pants, and bathrobe. The presentence report reflects that another search warrant was executed on September 24, 2002, at a residence where Dorothy Ann Stewart was present. Apparently, Danny Avery Stewart was incarcerated at that time. Police recovered more than 1400 Dilaudid pills during the search.

## Analysis

The defendants contend on appeal that their sentences are excessive because the trial court erred in the application of several enhancement factors. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge

considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

It appears from the record that the trial court considered the appropriate sentencing criteria; therefore, our review is *de novo* with a presumption of correctness.

The weight given to each enhancement or mitigating factor is in the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The statutes prescribe no particular weight for an enhancement or mitigating factor. State v. Gosnell, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). A defendant's sentence "is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years." State v. Alder, 71 S.W.3d 299, 306 (Tenn. Crim. App. 2001) (quoting State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996)). Additionally, the wrongful application of one or more enhancement factors by the trial court does not necessarily lead to a reduction in the length of the sentence. State v. Winfield, 23 S.W.3d 279, 284 (Tenn. 2000).

The court found that enhancement factors two, three, and ten were applicable to Danny Stewart in both cases: (1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range (the trial court placed little weight on this factor), (2) the defendant was a leader in the commission of an offense involving two or more criminal actors, (3) the defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense. See Tenn. Code Ann. §§ 40-35-114(2), (3), and (10). The defendant contends that the trial court erred in finding that he was a leader because the facts establish that he was the sole perpetrator. After reviewing the record, we conclude that the trial court's application of this enhancement factor was not in error. Contrary to the assertion by the defendant, the record clearly shows that several persons including the defendant's ex-wife, his son, and several others, were involved in the crimes committed by the defendant. The record indicates that Danny Avery Stewart, Dorothy Ann Stewart, Mark Thompson, and others were part of an ongoing criminal enterprise involving illegal sales of drugs. The defendant has failed to show that the trial court erred in applying these enhancement factors.

The trial court found that enhancement factor ten was applicable to Dorothy Ann Stewart in case numbers 2000-A-431 and 2000-C-1395: the defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense. See Tenn. Code Ann. § 40-35-114(10). With respect to case number 2002-I-1191, the court found that enhancement factor fourteen was applicable: the felony was committed while the defendant was on bail for case numbers 2000-A-431 and 2000-C-1395. See id. § 40-35-114(14).

The defendant contends that enhancement factor ten should not have been applied because she did not actually use a firearm to commit the felony. We conclude that the trial court did not err in applying this enhancement factor. As the statute clearly states, mere possession of a firearm during the commission of a felony will support application of this factor. It is not necessary that the defendant actually use the weapon in committing the underlying felony. See State v. Edrian Rice, No. W2002-02677-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 811, at **4-5 (Tenn. Crim. App., at Jackson, Sept. 18, 2003) (trial court properly applied enhancement factor ten to convictions for cocaine possession, marijuana possession, drug paraphernalia, and driving under the influence when defendant possessed handgun when arrested). The defendant admits that at least one of the numerous weapons recovered at the scene of the crimes belonged to her. Additionally, the defendant contends that this factor should not have applied to case number 2002-I-1191. However, the sentencing order clearly indicates that the trial court applied this factor only to case numbers 2000-A-431 and 2000-C-1395. The defendant has failed to show that the trial court erred in applying this enhancement factor.

The defendant also contends that the trial court erred in its application of enhancement factor fourteen to the convictions in case numbers 2000-A-431 and 2000-C-1395. However, our thorough review of the record reveals that the trial court only applied this factor to the sentences in case number 2002-I-1191. The record supports the trial court's finding that the defendant was out on bail for case numbers 2000-A-431 and 2000-C-1395 when she committed the offenses in case number 2002-I-1191. The defendant testified that she was bailed out for the earlier offenses on the same day that she was arrested. Thus, she was obviously out on bail when she committed the offenses in case number 2002-I-1191. The defendant has failed to show that the trial court erred in applying this enhancement factor.

In any event, the record does not contain the indictment, plea agreement, plea hearing transcript, or the judgments for case number 2002-I-1191. Additionally, the record does not contain the guilty plea hearing transcripts for case numbers 2000-A-431 and 2000-C-1395. It is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). In order to conduct an effective appellate review of sentencing, a transcript of the guilty plea hearing is necessary. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). The transcript of the guilty plea is usually necessary in order for this Court to ascertain the facts and circumstances surrounding the offense. Indeed, the guilty plea hearing is the equivalent of a trial. Id. at 843. In the absence of a transcript of a guilty plea, this

Court must generally conclude that the sentence imposed by the trial court is correct. <u>Id.</u> at 844. The defendants have failed to show that the sentences imposed by the trial court were excessive.

## Conclusion

Based on the foregoing reasoning and the record as a whole, we conclude that the defendants have failed to show that the trial court erred in sentencing. The judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE